# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RICKEY R. WILLIAMS, | ) | CASE NO.: 1:18CV188 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on an objection filed by Plaintiff Rickey R. Williams to the Report and Recommendation ("R&R") of the Magistrate Judge. On October 31, 2018, the Magistrate Judge issued his R&R in this matter recommending that the Court affirm the denial of Williams' application for benefits. On November 14, 2018, Williams objected to the R&R. On November 26, 2018, the Commissioner responded to the objection. The Court now resolves the objection.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of*

*Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

In his sole objection, Williams contends that the ALJ failed to build a "logical bridge" between his adoption and rejection of certain opinions offered by the state agency psychologists. Doc. 20 at 2 (citing *Stacey v. Comm'r of Soc. Sec.*, 451 Fed. Appx. 517, 519 (6th Cir. 2011); *see also Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011)). While contending that the ALJ erred, Williams makes no mention in his objections of the actual challenged opinions. Instead, he reiterates, as he did in his initial briefing, that the ALJ *added* limitations to those proposed by the agency psychologists. As those added limitations did not prejudice him, it is clear that Williams does not object to that conclusion. Instead, while Williams does not raise the issue in his objections, a fair reading of his objections reveals that he is doing little than re-arguing the position he took before the magistrate judge.

Specifically, Williams is contending that the ALJ failed to explain why he did not adopt *all* of the limitations expressed by the agency psychologists. Williams particularly took issue with the ALJ's failure to include the limitation that he required minimal supervision to insure punctuality and attendance. However, the R&R rejected Williams' argument on this point: "Here, by not finding Plaintiff's drug and alcohol use a "severe" impairment at step two, the ALJ determined it did not impose more than a minimal effect on his ability to perform basic work activities. (Tr. 19). Thus, it can be said that he implicitly rejected the psychologists' opinion on the supervision and punctuality restriction because that restriction was based solely on drug and

alcohol use." Doc. 19 at 18. Williams has not highlighted any error in this reasoning. Accordingly, the R&R properly determined that the ALJ had amply explained his reasoning for adopting the limitations that were utilized. Williams' objection has no merit.

For the reasons stated above, Williams' objection is OVERRULED. The R&R is ADOPTED IN WHOLE. The decision of the Commissioner is hereby AFFIRMED.


Dated: February 4, 2019                                     /s/ John R. Adams
                                                          JUDGE JOHN R. ADAMS
                                                          UNITED STATES DISTRICT JUDGE